**John D. Ostrander, OSB No. 87394**, john@eoplaw.com
**William A. Drew, OSB No. 95253**, bill@eoplaw.com
ELLIOTT, OSTRANDER & PRESTON, P.C.
707 SW Washington Street, Suite 1500
Portland, Oregon 97205
Telephone: (503) 224-7112
Facsimile: (503) 224-7819

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| **DOUG GREISEN**, an individual, | Case No. |
| **PLAINTIFF**, | **COMPLAINT** |
| v. | JURY TRIAL REQUESTED |
| **JON HANKEN**, an individual, **JOHN DOES 1-5**, and **CITY OF SCAPPOOSE**, an Oregon municipality, | |
| **DEFENDANTS**. | |

Plaintiff Doug Greisen alleges as follows:

## INTRODUCTORY STATEMENT

Plaintiff Doug Greisen ("Plaintiff" or "Chief Greisen") built a life and career as the Chief of Police of Scappoose Oregon. In 2013, he was excessively disciplined on a pretext because of his questioning of the then City Manager. When he refused to "keep his mouth shut" and "take his punishment," but rather exercised his right to appeal the false charge, the City Manager and others doubled down and subjected everything that Chief Greisen had done to rigorous, exacting, predisposed, and prejudiced scrutiny. The City Manager and others initiated additional bad faith disciplinary complaints, forbade him from any Scappoose public areas, parks and buildings, and

Page 1 - COMPLAINT

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

leaked misleading information about him placing him in a false light, culminating in his May 8, 2014 wrongful termination.

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343 and 1367. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

2.

At all material times, Plaintiff was and is a citizen of the United States and a resident of Oregon over the age of 18 years. Plaintiff is a long time resident of Scappoose. At all material times, Plaintiff served as the Chief of Police of the City of Scappoose, during which time he received multiple awards and commendations, including being chosen as the "Top Cop in Columbia County" (November 2012).

3.

At all material times, Defendant Jon Hanken ("Hanken") was a city official [the former City of Scappoose City Manager with final policy making authority], who is being sued in his official and personal capacities. Upon information and belief, John Does 1-5 are individuals who have acted in concert with Defendant Hanken, both in official and personal capacities, to take the actions alleged below. Defendant City of Scappoose is an Oregon municipality, which has been under the control of, or operated through, Defendant Hanken and John Does 1-5.

/ / /

/ / /

/ / /

Page 2 - COMPLAINT

ELLIOTT,
OSTRANDER &
PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

## FIRST CLAIM
### (42 U.S.C. §1983: Denial of Liberty and Property Interests)
### (Against All Defendants)

4.

Plaintiff realleges the allegations of paragraphs 1 - 3.

5.

While employed as the City of Scappoose's Chief of Police, Plaintiff had liberty and property interests protected by the due process clause of the Fourteenth Amendment of the United States Constitution to be free from false charges made under color of law which involved or implied personal and professional dishonesty, immorality or malfeasance in office, which adversely reflected on and damaged his standing and ability to continue his employment, and his career and future in his profession and his community.

6.

Defendants Hanken, City of Scappoose, Oregon (by and through one or more public officials with final policy making authority), and John Does 1-5, have acted under color of state law to deprive Plaintiff of his federal civil and constitutional rights.

7.

As a direct result of Defendants' discrimination and violation of Plaintiff's liberty and property interests, Plaintiff has suffered adverse employment sanctions.

8.

As a direct result of Defendants' actions, Plaintiff has been publically attacked, suffered damage to his standing and associations in his home community, suffered the foreclosure of other employment opportunities by the wrongful stigma imposed upon him - all without the benefit of any name clearing hearing.

Page 3 - COMPLAINT

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET. SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

9.

As a further direct result of Defendants' actions, Plaintiff has suffered damage to his liberty and property rights, lost income, and lost future earnings, all to his economic damages in the approximate sum $500,000, which he seeks, together with an award of pre-judgment interest.

10.

As a direct result of Defendants' actions, Plaintiff also has suffered compensatory damages for emotional pain, suffering, inconvenience and mental anguish. Despite devoting himself to law enforcement, and to helping people for the last twenty-six years of his life (and fourteen years for his home community and the Citizens of the City of Scappoose), Plaintiff has been wrongly subjected to public humiliation and extreme ridicule in his hometown since late summer 2013. In addition, Defendants have directly and indirectly contributed to the broadcast of false and misleading assertions against Plaintiff throughout the State through intentionally or recklessly skewed releases of information to others, including the media (print and television), resulting in humiliation, disparagement and ridicule. Further, contrary to multiple regulations maintaining the strict confidentiality of the Chief of Police's home address for obvious safety reasons, Defendants, or one of them, disclosed confidential information about Plaintiff's home address to the media and public resulting in a media swarm invading his private property. This wrongful release of information results in a particular risk to Plaintiff and his family because of Plaintiff's long involvement in law enforcement and the fact that Plaintiff has been on the front lines of securing peace and order from many violent individuals, who may harbor grudges and who may seek revenge against Chief Greisen for Plaintiff's past performance of his duties.

/ / /

/ / /

Page 4 - COMPLAINT

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

11.

As a direct result of Defendants' misconduct, Plaintiff has been banished from public property, avoided, un-friended, stared at, whispered about, all to the corrosive and general damage to his career, reputation, honor and dignity. Plaintiff has suffered stress, sleeplessness and irritability, particularly when Plaintiff contemplates the emotional and mental toll that has been imposed on his wife and daughter, including the derisive looks and comments in public triggered by Defendants' wrongful actions. Plaintiff's ability to volunteer with service clubs has been compromised, Plaintiff has curtailed his attendance at charitable functions, and Plaintiff generally has curtailed pursuit of his former life which was busy with service work, charity, and work-related activities. Plaintiff's public banishment and Defendants' admonishment not to wear "City branded clothing reflecting association with the police department" and requirement not to associate himself with the City, is particularly aggrieving when most of the people in Plaintiff's community customarily referred to him as "Chief". Plaintiff has been wrongly disgraced and discredited in Defendants' concerted effort to carry through on their threat to: "Put him in his place".

12.

Only upon repeated request of his legal counsel was the public banishment of Plaintiff finally rescinded on or about February 11, 2014. After such lifting of the formal banishment of Plaintiff, when he first attended the next city meeting (a goal setting workshop), he was further subject to humiliation when Mayor Scott Burge greeted him by publically sticking his tongue out at him in the course and scope of City proceedings.

/ / /

/ / /

Page 5 - COMPLAINT

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

13.

As a direct result of Defendants' misconduct in seeking to destroy Plaintiff's good reputation in his home community after years of good deeds and works, and in causing stress and fear of physical and emotional harm to Plaintiff and his family, Plaintiff seeks non-economic damages from Defendants, and each of them, in a sum to be determined at trial.

14.

Defendants' misconduct was malicious and wanton in the extreme justifying an award of punitive damages in a sum to be determined at trial, which Plaintiff would intend to use for public works improvements for the betterment of his home community.

15.

Plaintiff additionally requests an award of his reasonable attorney fees and costs pursuant to 42 U.S.C. §1988.

16.

Plaintiff timely filed a tort claims notice and timely commenced this action.

## SECOND CLAIM
### (Whistleblowing – ORS §659A.203 and ORS §659A.199)
### (Against All Defendants)

17.

Plaintiff realleges and incorporates paragraphs 1-16.

18.

Plaintiff reported in good faith what he reasonably believed to be Defendants' mismanagement and/or abuse of authority regarding actual or potential improprieties in the performance of Defendants' duties and / or a violation(s) of federal and/or state law, rule or regulation.

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

19.

Defendants retaliated against Plaintiff for his engaging in whistleblowing activity.

20.

Plaintiff is entitled to an award of damages, together with an award of his reasonable attorneys' and expert witness fees pursuant to ORS 659A.885 and ORS 20.107.

### THIRD CLAIM
### (Wrongful Discharge)
### (Against All Defendants)

21.

Plaintiff realleges and incorporates paragraphs 1-20.

22.

A substantial factor in Defendants' termination of Plaintiff was his good faith whistleblowing alleged above and his resistance to Defendants' misconduct in subverting local governance.

### FOURTH CLAIM
### (Intentional / Reckless Infliction of Severe Emotional Distress)
### (Against All Defendants)

22.

Plaintiff realleges and incorporates paragraphs 1-20.

23.

Defendants engaged in conduct that was intended to inflict severe emotional distress on Plaintiff, and / or was committed with knowledge that it was substantially certain would result in severe emotional distress to Plaintiff. Alternatively, Defendants acted in deliberate disregard that their misconduct would cause Plaintiff to suffer severe emotional distress.

/ / /

Page 7 - COMPLAINT

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

24.

Defendants' conduct was an extraordinary transgression of socially tolerable behavior.

25.

Defendants' conduct caused Plaintiff to suffer severe emotional distress.

## FIFTH CLAIM
### (Defamation / False Light)
### (Against All Defendants)

26.

Plaintiff realleges and incorporates paragraphs 1-20.

27.

Defendants have defamed / placed Plaintiff in a false light exposing Plaintiff to hatred, contempt, ridicule and obloquy in his home community of Scappoose and elsewhere.

28.

As a direct result of Defendants' acts, Plaintiff has suffered damages due to defamation and false light in an amount to be determined at trial.

## SIXTH CLAIM
### (Wage Claim, against Defendant City only)

29.

Plaintiff realleges and incorporates paragraphs 1-20.

30.

At the time of Plaintiff's termination, Defendant City failed to reimburse Plaintiff for expenses (wages) due and owing to him.

31.

Plaintiff made written demand for reimbursement.

Page 8 - COMPLAINT

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

32.

As a result of Defendant City's non-payment, Plaintiff is entitled to unpaid expense reimbursement, together with statutory penalties, an award of prejudgment interest, and an award of his reasonable attorney fees.

### SEVENTH CLAIM
### (Tortious Interference with Contract, against Defendant Hanken only)

33.

Plaintiff realleges and incorporates paragraphs 1-20.

34.

As a third party to Plaintiff's relationship and contract with the City of Scappoose, Defendant Hanken, acting for his own personal gain outside the scope of his employment, intentionally interfered with said contract through the improper means described above and for the improper purpose of forcing Plaintiff out of town.

35.

As a direct result of Defendant Hanken's interference, Plaintiff has been damaged in an additional amount to be determined at trial, together with an award of prejudgment interest.

\* \* \*

WHEREFORE, Plaintiff requests judgment in his favor and against Defendants, and each of them, as alleged in the claims stated above.

/ / /

/ / /

/ / /

/ / /

/ / /

Page 9 - COMPLAINT

ELLIOTT,
OSTRANDER &
PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 27 day of August, 2014.

ELLIOTT, OSTRANDER & PRESTON, P. C.

By: *[signature]*
John D. Ostrander, OSB #87394, john@eoplaw.com
(503) 224-7112
(503) 224-7819 fax
    Of Attorneys for Plaintiff

Page 10 -    COMPLAINT

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com