# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DOUG GREISEN**, an individual, | Case No.3:14-cv-01399-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **JON HANKEN**, an individual, **JOHN DOES 1-5**, and **CITY OF SCAPPOOSE**, an Oregon municipality, | |
| Defendants. | |

John D. Ostrander and William A. Drew, ELLIOTT, OSTRANDER & PRESTON, P.C., 707 S.W. Washington Street, Suite 1500, Portland, Oregon 97205. Of Attorneys for Plaintiff.

Karen M. Vickers and Blake H. Fry, MERSEREAU SHANNON L.L.P., One S.W. Columbia Street, Suite 1600, Portland, Oregon 97258. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Doug Greisen ("Plaintiff") brings this suit against Jon Hanken, the former city manager for the City of Scappoose ("Mr. Hanken"); John Does 1-5, individuals alleged to have acted in concert with Mr. Hanken, in their official and personal capacities ("Doe Defendants"); and the City of Scappoose (the "City"), an Oregon municipality that is Plaintiff's former employer (collectively, "Defendants"). Before the Court is Defendants' Motion to Dismiss (Dkt. 21)

PAGE 1 – OPINION AND ORDER

Plaintiff's Amended Complaint (Dkt 20). For the reasons that follow, Defendants' Motion is granted in part and denied in part.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

PAGE 2 – OPINION AND ORDER

**BACKGROUND**

Plaintiff, the former Chief of Police in Scappoose, Oregon, filed this suit on August 29, 2014, against his former employer, the City of Scappoose, former City Manager Jon Hanken, and John Does 1-5, asserting seven statutory and common-law claims: (1) violations of Plaintiff's civil and constitutional rights under 42 U.S.C. § 1983, against all Defendants; (2) retaliation for whistleblowing under Or. Rev. Stat. ("ORS") § 659A.203 and ORS § 659A.199, against all Defendants; (3) wrongful discharge, against all Defendants; (4) intentional or reckless infliction of emotional distress, against all Defendants; (5) defamation, against all Defendants; (6) unpaid wages or expenses, against the City only; and (7) tortious interference with contract, against Mr. Hanken only. Plaintiff's Complaint was dismissed with leave to replead on January 5, 2015. Plaintiff filed his Amended Complaint on February 2, 2015. Defendants' present motion to dismiss soon followed.

The facts and claims alleged in Plaintiff's Amended Complaint are almost identical to those alleged in Plaintiff's original Complaint and have already been discussed at length in the Court's previous Opinion. *See* Dkt. 16. There are, however, two exceptions relevant to the present motion to dismiss. First, Plaintiff's Amended Complaint clarifies that his § 1983 claim against all Defendants alleges claims for violations of Plaintiff's rights under the First and Fourteenth amendments. Second, Plaintiff's Amended Complaint clarifies that Plaintiff's second and third claims for retaliation for whistleblowing and wrongful discharge are asserted only against the City.

**DISCUSSION**

Defendants raise four arguments in support of their motion to dismiss: (1) Plaintiff's § 1983 claim against Mr. Hanken should be dismissed because Mr. Hanken resigned as city manager six months before Plaintiff's allegedly wrongful termination on May 8, 2014;

(2) Plaintiff's § 1983 claim against the City should be dismissed because Plaintiff has failed to identify a specific policy or custom of the City that deprived him of a constitutional or statutory right; (3) Plaintiff's claims for intentional infliction of emotion distress and defamation may be asserted only against the City; and (4) Plaintiff's claim for tortious interference with contract against Mr. Hanken should be dismissed because Mr. Hanken was acting within the scope of his authority and for the benefit of his employer. The Court addresses each argument in turn.

## A.  Plaintiff's § 1983 Claims

Under 42 U.S.C. § 1983, any person who has suffered a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law may bring a civil action seeking redress. Such claims may be brought both against individual public employees and against local government agencies, with distinct elements depending on the nature of the defendant. Both the City and Mr. Hanken move to dismiss the § 1983 claims against them.

### 1.  Plaintiff's § 1983 claims against Mr. Hanken

To state a claim under § 1983 against an individual, a plaintiff must allege two essential elements: (1) the action occurred under color of law; and (2) the action resulted in a deprivation of a constitutional right or a federal statutory right. *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)); s*ee also Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). As to the first element, a public employee generally acts under color of state law while acting in his official capacity. *McDade*, 223 F.3d at 1140 (citing *West v. Atkins*, 487 U.S. 42, 49-50 (1988)). As to the second element, "Section 1983 'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred.'" *Broam*, 320 F.3d at 1028 (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

### i.  Plaintiff's First Amendment Retaliation Claim Against Mr. Hanken

Plaintiff's Amended Complaint alleges that Mr. Hanken violated his rights under the First Amendment by initiating multiple sham investigations into Plaintiff's conduct as Police Chief, barring Plaintiff from public property, improperly levying fines against Plaintiff, and "instigating" actions that "put into motion" Plaintiff's termination. All of these actions were allegedly carried out in retaliation for Plaintiff's public statements regarding Mr. Hanken's management of the City's finances.

In order to state a retaliation claim against a government employer for violation of the First Amendment, an employee must show (1) that he or she engaged in protected speech; (2) that the employer took "adverse employment action"; and (3) that his or her speech was a "substantial or motivating" factor for the adverse employment action. *Bd. of County Comm'rs v. Umbehr*, 518 U.S. 668, 675 (1996); *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003).

Defendants' only argument regarding this claim is that Mr. Hanken was not employed by the City when Plaintiff was terminated. Defendants are correct that Plaintiff's vague contention that Mr. Hanken "put into motion" Plaintiff's termination, by itself, is insufficient to state a viable claim for relief. Plaintiff does, however, allege conduct (specifically, the allegedly improper fines and "sham" investigations) taken by Mr. Hanken while he was city manager that is sufficient to state a claim for relief. Accordingly, Defendants' motion to dismiss on this basis is denied.

### ii.  Plaintiff's Due Process Claim Against Mr. Hanken

Plaintiff's Amended Complaint also alleges that the City and Mr. Hanken released "a barrage of stigmatizing information" both before and after his termination. Plaintiff contends that

the publication of this information in the context of his employment termination violated his due process rights under the Fourteenth Amendment.

Defamation by a state actor does not amount to a deprivation of "liberty" or "property" within the meaning of the Fourteenth Amendment unless it is accompanied by some interest other than mere loss of reputation. *See Paul v. Davis*, 424 U.S. 693, 711 (1976). Accordingly, to allege a claim under 42 U.S.C. § 1983 predicated upon an act of defamation, a plaintiff must allege what is often referred to as a "stigma-plus" claim: "a stigmatizing statement" plus a deprivation of a "tangible interest" without due process of law. *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 982 (9th Cir. 2002). To establish a "stigma-plus" claim, a plaintiff must allege two elements: (1) "the public disclosure of a stigmatizing statement by the government, the accuracy of which is contested, and (2) the denial of some more tangible interest such as employment or the alteration of a right or status recognized by state law." *Id.* (internal quotation marks omitted). "Where these elements exist, the plaintiff is 'entitled to notice and a hearing to clear his name.'" *Id.* (quoting *Bollow v. Federal Reserve Bank*, 650 F.2d 1093, 1100 (9th Cir.1981)).

Plaintiff fails to state a viable "stigma-plus" claim against Mr. Hanken because Mr. Hanken was not an employee of the City at the time Plaintiff was terminated. In other words, even if Plaintiff could plead the necessary "stigma" in the form of Mr. Hanken's alleged defamatory statements,  he cannot plead the "plus," the requisite deprivation of a tangible interest, because it was the City, not Mr. Hanken, that actually terminated Plaintiff's employment. Moreover, Plaintiff's vague claim that Mr. Hanken "set in motion" events "that lead to" Plaintiff's termination cannot salvage Plaintiff's claim, because after Mr. Hanken was

no longer an employee of the City, any stigmatizing  statements were not made under color of state law and therefore cannot give rise to a viable claim under § 1983.

### 2.  Plaintiff's § 1983 claims against the City

To state a claim under § 1983 against a local government, a plaintiff must allege "that official policy is responsible for a deprivation of rights protected by the Constitution," whether that policy has been adopted through the body's "official decisionmaking channels" or is a matter of custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, (1978). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* at 694; *see also Long v. L.A.*, 442 F.3d at 1185 (holding that a municipality may be sued under § 1983 "only when execution of a government's policy or custom inflicts the injury"); *Dillon v. Clackamas Cnty.*, 2014 WL 6809772, at *3 (D. Or. Dec. 2, 2014) (holding that plaintiffs seeking to represent a class of strip-searched inmates sufficiently alleged violation of a "written or *de facto*" policy, although they did not identify the particular written policy or procedure).

Plaintiff argues that the retaliation against him by Mr. Hanken was actually a *de facto* policy or custom of the City. In other words, Plaintiff alleges that the City had an unwritten policy of unconstitutionally retaliating against any person who questions the City budget process. This argument is without merit. The harms alleged by Plaintiff stem from the alleged actions of Mr. Hanken or the Doe Defendants. A § 1983 claim against a government entity, however, is not identical to *repondeat superior* liability as Plaintiff suggests.[1] Instead, only if a policy is "so

---

[1] Plaintiff's confusion regarding the different standards for § 1983 claims against individuals and government entities appears to stem from the fact that he has brought claims against both Mr. Hanken and multiple Doe Defendants, who are presumably City employees or contractors. Plaintiff may have viable § 1983 against one or more of the Doe Defendants. He does not, however, state a viable § 1983 claim against the City.

permanent and well settled as to constitute a custom or usage with the force of law" may a Plaintiff bring a § 1983 claim against a government entity. *Bouman v. Block*, 940 F.2d 1211, 1231 (9th Cir. 1991) (quotation marks omitted). Here, Plaintiff does not specifically allege that any individual other than himself has ever been retaliated against by the City for raising questions about the management of the City budget.[2] Accordingly, Plaintiff's § 1983 claims against the City is dismissed.

## B. Oregon Tort Claims

Defendants' present motion to dismiss raises two arguments regarding Plaintiff's state-law tort claims. First, Defendants argue that Plaintiff's claims for intentional infliction of emotional distress and defamation against Mr. Hanken should be dismissed because only the City is a proper defendant on each claim. Second, Defendants argue that Plaintiff's claim for tortious interference with contract against Mr. Hanken should be dismissed because Plaintiff alleges no relevant conduct of Mr. Hanken that was outside the scope of Mr. Hanken's employment with the City. The Court first discusses the relevant Oregon law governing Plaintiff's claims and then addresses each argument in turn.

### 1. The Oregon Tort Claims Act

Plaintiff's state-law tort claims are covered by the Oregon Tort Claims Act ("OTCA"), ORS §§ 30.260 to 30.300. These claims include alleged violations of Oregon's whistleblowing statutes, ORS §§ 659A.203 and 659A.199, and common-law torts of wrongful discharge, intentional infliction of emotional distress, defamation, and tortious interference with contract.

---

[2] Plaintiff does generally allege that a former City councilperson told him that the Mr. Hanken "set the County Attorney on her," causing such stress that she decided to quit. Such vague assertions are insufficient to allege the existence of an unconstitutional policy of retaliation that is "so permanent and well settled as to constitute a custom or usage with the force of law." *Bouman*, 940 F.2d 1231,

*See* ORS § 30.260(8) (defining a tort as the breach of a legal duty that is imposed by law, other than a contractually based duty); *Urban Renewal Agency of Coos Bay v. Lackey*, 275 Or. 35, 38 (1976) (holding that a legal duty under the OTCA may be imposed by common law or by statute).

The OTCA provides the "sole cause of action for any tort committed by officers, employees, or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification" by the public body. ORS § 30.265(2). The OTCA bars actions against individual tortfeasors acting within the scope of their public employment and provides that the court upon motion will substitute the public body as the sole defendant. ORS § 30.265(3). Individual tortfeasors may be defendants only if they are acting outside "the scope of their employment or duties." ORS § 30.265(1); s*ee also Brungardt v. Barton*, 69 Or. App. 440, 443 (1984).

A public employee is acting within the scope of his or her employment if three elements are satisfied: (1) the act in question is of a kind the actor was engaged to perform, (2) the act occurred substantially within the authorized time and space, and (3) the actor was motivated, at least in part, by a motive to serve the employer. *Minnis v. Oregon Mutual Ins. Co.*, 334 Or. 191, 201 (2002). This motivation is a "question for the trier of fact, except in cases where only one reasonable conclusion may be drawn from the facts pled." *Fearing v. Bucher*, 328 Or. 367, 374 (1999).

### 2.   Intentional or Reckless Infliction of Emotional Distress and Defamation

The Court previously dismissed Plaintiff's fourth and fifth claims, for intentional or reckless infliction of emotional distress and defamation respectively, on the grounds that Plaintiff had not made "specific factual allegations that would allow the Court to draw a reasonable inference that Mr. Hanken's conduct was outside the scope of his employment." *See* Dkt. 16.

Defendants now concede that the Amended Complaint adds specific allegations regarding Mr. Hanken's actions, but argues that these claims should still be dismissed because Plaintiff does not specifically allege that Plaintiff acted outside the scope of his employment. Plaintiff responds that his fourth and fifth claims are based on actions either outside the course and scope of Mr. Hanken's employment as City Manager before his resignation on November 8, 2013, or upon Mr. Hanken's actions as a private individual after his resignation.

Although Plaintiff's Amended Complaint is not a model of clarity and appears to conflate the meaning of "personal capacity" with "outside the scope of employment," Plaintiff's Amended Complaint sufficiently alleges that Mr. Hanken committed tortious conduct both during and after the time he was employed by the City. To the extent that Mr. Hanken committed tortious conduct after he was no longer employed by the City, that conduct cannot be covered by ORS § 30.265, which applies only to torts committed "by an officer, employee, or agent of a public body." Accordingly, Defendants' motion to dismiss Plaintiff's fourth and fifth claims against Mr. Hanken is denied.

### 3. Plaintiff's Claim for Tortious Interference with Economic Relations[3]

Plaintiff contends that Mr. Hanken, "for his own personal gain [and] outside the scope of his employment," intentionally interfered with Plaintiff's employment with the City, causing Plaintiff's termination. To state a claim for the tort of intentional interference with economic relations, a plaintiff must allege each of the following elements: (1) the existence of a professional or business relationship; (2) intentional interference with that relationship or advantage; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and the harm to the relationship or

---

[3] Plaintiff's Amended Complaint refers to this claim as "Tortious Interference with Contract."

prospective advantage; and (6) damages. *Allen v. Hall*, 328 Or. 276, 281 (1999). An employee is generally shielded from liability for interference with economic relations between the employer and other individuals "so long as the employee is acting within the scope of his employment" and for the employer's benefit. *Wellington v. Lane Cnty.*, 2009 WL 2252100, at *3 & n.2 (D. Or. July 27, 2009) (quoting *Wampler v. Palmerton*, 250 Or. 65, 75 (1968).

Here, the allegations in Plaintiff's Amended Complaint give rise to a reasonable inference that Mr. Hanken acted outside the scope of his employment with the City. In particular, the allegations in Plaintiff's First Amendment retaliation claim against Mr. Hanken suggest that Mr. Hanken was acting for his own benefit and to the City's detriment when he allegedly retaliated against Plaintiff. Accordingly, Defendants' motion to dismiss Plaintiff's claim for tortious interference with contract against Mr. Hanken is denied.

## CONCLUSION

Defendants' Motion to Dismiss (Dkt. 21) is GRANTED in part and DENIED in part. Plaintiff's claims under 42 U.S.C. § 1983 against the City of Scappoose are DISMISSED with prejudice. Plaintiff's claim under 42 U.S.C. § 1983 against Defendant Jon Hanken alleging a violation of Plaintiff's rights under the Fourteenth Amendment is DISMISSED with prejudice. Defendants' Motion to Dismiss is DENIED in all other respects.

**IT IS SO ORDERED**.

DATED this 23rd day of March, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge