**John D. Ostrander, OSB No. 87394,** john@eoplaw.com
**William A. Drew, OSB No. 95253,** bill@eoplaw.com
ELLIOTT, OSTRANDER & PRESTON, P.C.
707 SW Washington Street, Suite 1500
Portland, Oregon 97205
Telephone: (503) 224-7112
Facsimile: (503) 224-7819

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **DOUG GREISEN**, an individual,<br><br>PLAINTIFF,<br><br>v.<br><br>**JON HANKEN**, an individual, **JOHN DOES 1-5**, and **CITY OF SCAPPOOSE**, an Oregon municipality,<br><br>DEFENDANTS. | Case No. 3:14-cv-01399-SI<br><br>**SUPPLEMENTAL RESPONSE BRIEF REGARDING TORT CLAIMS NOTICE** |

### INTRODUCTION

At its core, tort claim notice simply tells a public agency that someone thinks they may have a reason to file a lawsuit against it. It is not a formal complaint. Here, tort claim notice was provided to the City of Scappoose on multiple occasions, and Defendants were not at all surprised by Mr. Greisen's lawsuit.

### DISCUSSION

As the Court knows, ORS 30.275 sets forth the requirements for tort claim notice. It requires "a statement that a claim for damages is or will be asserted against the public body."

Page 1 – SUPPLEMENTAL RESPONSE BRIEF
REGARDING TORT CLAIMS NOTICE

ELLIOTT,
OSTRANDER &
PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

ORS 30.275(4)(a). It also requires "a description of the time, place and circumstances giving rise to the claim, so far as known to the claimant." ORS 30.275(4)(b). Finally, the statute requires that the notice set forth the claimant's contact information. In *Flug v. University of Oregon*, 335 Or 540, 553 (2003), the Oregon Supreme Court made clear that "the notice need convey only an intent to assert *some* claim." (Emphasis in original). The "plaintiff need convey an intent to assert a claim only in general terms," and that the notice does not need to "predict expressly the specific claims that will or may be asserted." *Id.*

Here, Plaintiff's December 16, 2013 letter to Defendant City Attorney Ron Guerra (Fujioka Dec., Ex. 2, p. 12 (Otterman, Dep., Ex. 4) states, in part:

> "As you know, since August, Chief *Greisen has been savagely and wrongly attacked in public and in the press as a public menace, a harasser of subordinates, and worst of all, a thief*. Throughout, the City's administration has not once made a public statement suggesting restraint pending review of the actual facts. Not once has the City's administration done anything to temper the press. Rather, and shockingly to the contrary, *the City, by and through its Mayor, its City Manager and / or others, has maliciously leaked falsehoods and unfavorable half-truths*. These have had unalleviated sting because Chief Greisen has dutifully adhered to your request that he refrain from any substantive public comment. By their on-going failure to take prompt remedial steps, the Mayor and (apparently) the City Attorney has ratified the City's wrongdoing; although the doings of the Mayor and others have been kept secret, *concerted misdeeds sink to the level of a Constitutional tort*.
>
> It is one thing to be publically criticized for wrongful acts - or even for acts that are questionable. But, it is quite another to be defamed and castigated on charges that are self-evidently false and motivated by purely selfish personal political motives. As you know, upon the honest third-party scrutiny of the City Council, the public menace charges arising out of the PIT maneuver investigation were summarily dismissed as unfounded in the extreme. Although we obviously have not seen the official reports (which disturbingly have been completed for many weeks now), just based on the questions that were asked, I am confident that upon honest scrutiny, Chief Greisen will be cleared of any harassment charge. Similarly, with regard to the alleged misappropriation of charity money, even the investigator admitted that nothing indicated that there was any money missing from the police station, and she forthrightly acknowledged that there was "no fraud."
>
> As the Chief of Police, Chief Greisen has a thick skin. Also, armed with the conviction that each and every one of the negative accusations is categorically false, Chief Greisen

Page 2 – SUPPLEMENTAL RESPONSE BRIEF REGARDING TORT CLAIMS NOTICE

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

has duly soldiered on. However, the excessively prolonged exile from his position, coupled with the gratuitous public banning of Chief Greisen from city property has a *vile and corrosive effect on Chief Greisen, his reputation and his standing in the community.*

\* \* \*

"Alternatively, we recognize the possibility that the City may lack the courage to expose and remedy these injustices, and avoid putting its house in proper order. To that end, through weakness, *the City may also seek a politically accommodating "solution" (i.e., wait until the interim City Manager is in place, and have him fire Chief Greisen on the grounds that there were some questions, and now after six months, there is a loss of confidence; or simply "it is time for a change").* This course of action may falsely appear "easy", as the City may have calculated that public outcry will be muted after the (unjust) delay. But, be fair warned that if the City wrongly takes that approach, *Chief Greisen will be prepared to vigorously enforce all of his remedies, including those under 42 U.S.C. § 1983. The City by and though its various agents cannot conspire under color of governmental authority to defame and destroy a public official, who has, in fact, satisfactorily performed his job in good faith.*" (Emphasis added).

One month later, Plaintiff's January 16, 2014 letter to Defendant City Attorney Ron Guerra, Fujioka Dec., Ex. 3, p. 15 (Otterman, Dep., Ex. 5), incorporates the earlier warning and notice. Defendants seek to characterize the December 16, 2013 and January 16, 2014 letters as "negotiation letters", but nowhere do they reference FRE 408, or otherwise indicate that they are simply invitations to negotiate. Rather, the January 16, 2014 letter further states:

"You have provided no confirmation that you have put in place a litigation hold as originally requested on September 9, 2013, and as expanded on December 16, 2013 to cover the Mayor, the City Attorney, and the interim City Manager."

Fujioka Dec., Ex. 3, at p. 16 (Otterman, Dep., Ex. 5). Mr. Greisen's request for a "litigation hold" provides context making clear that a lawsuit was forthcoming.

The December 16, 2013 and January 16, 2014 letters describe the time, place and circumstances giving rise to Mr. Greisen's claims. The letters state that a claim will be asserted against the public body and they include contact information. If there was any doubt, the notices attached to the Declaration of John Ostrander (attached to the Motion to Supplement the Summary Judgment Record) make clear that due notice was given. In sum, Defendants were

Page 3 – SUPPLEMENTAL RESPONSE BRIEF REGARDING TORT CLAIMS NOTICE

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

entirely unsurprised by Mr. Greisen's lawsuit. To say otherwise venerates argument over known fact. In his deposition, City Manager Otterman acknowledged receiving and reading both letters. Fujioka Dec., Ex. 3, pp. 5-7.

Defendants also assert that Mr. Greisen's Amended Complaint fails to plead tort claim notice. However, the Amended Complaint specifically alleges, and even quotes from, the December 16, 2013 and January 16, 2014 letters. Amended Complaint, ¶¶ 26, 28-29. Consequently, Defendants' argument as to the adequacy of the pleadings is misplaced.

## CONCLUSION

For the above stated reasons, Defendants' argument based on tort claim notice is misplaced.

DATED this 11th day of November, 2015.

ELLIOTT, OSTRANDER & PRESTON, P. C.


By: /s/ John. D. Ostrander
John D. Ostrander, OSB #87394, john@eoplaw.com
(503) 224-7112
(503) 224-7819 fax
    Of Attorneys for Plaintiff

Page 4 – SUPPLEMENTAL RESPONSE BRIEF REGARDING TORT CLAIMS NOTICE

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

# CERTIFICATE OF SERVICE

I certify that I served the foregoing **SUPPLEMENTAL RESPONSE BRIEF REGARDING TORT CLAIMS NOTICE** on the following party on November 11, 2015, by emailing a true and correct copy thereof, addressed to said party at the address shown below:

Karen M Vickers
Mersereau Shannon LLP
1 SW Columbia St Ste 1600
Portland OR 97258
kvickers@mershanlaw.com

ELLIOTT, OSTRANDER & PRESTON, P.C.

By _____
John D. Ostrander, OSB No. 87394
Of Attorneys for Plaintiff

Page 1 - CERTIFICATE OF SERVICE

ELLIOTT, OSTRANDER & PRESTON, P.C.
UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE: (503) 224-7112
FACSIMILE: (503) 224-7819
EMAIL: attorneys@eoplaw.com