**John D. Ostrander, OSB No. 87394**, john@eoplaw.com
**William A. Drew, OSB No. 95253**, bill@eoplaw.com
ELLIOTT, OSTRANDER & PRESTON, P.C.
707 SW Washington Street, Suite 1500
Portland, Oregon 97205
Telephone:  (503) 224-7112
Facsimile:  (503) 224-7819

    Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **DOUG GREISEN**, an individual, | Case No. 3:14-cv-01399-SI |
| **PLAINTIFF**, | |
| v. | **PLAINTIFF'S SUPPLEMENTAL TRIAL MEMORANDUM ON FOUR ISSUES: (1) JURY INSTRUCTION NO. 17; (2) FUTURE ECONOMIC DAMAGES; (3) ADMISSIBILITY OF EXHIBITS 207 AND 208; AND (4) DEPOSITION TESTIMONY OF SCOTT BURGE** |
| **JON HANKEN**, an individual, | |
| **DEFENDANT**. | |

Plaintiff provides this supplemental trial memorandum on four trial issues.

**1. Jury Instruction No. 17.**

Plaintiff proposes to modify the Court's suggested instruction as follows:

"The Defendant cannot be held responsible for the termination of the Plaintiff's employment by a later city manager for the City of Scappoose if the later city manager made an independent and legitimate decision to terminate the Plaintiff's employment, unless you also find that the later city manager's decision was influenced by, or was a foreseeable consequence of, the Defendant's alleged retaliatory action or actions.  If you find that the Defendant violated the Plaintiff's constitutional rights as the Plaintiff claims and if you also find that it was reasonably foreseeable that the Defendant's wrongful retaliatory action or actions would render Plaintiff unable to maintain his position and/or salary (either at the City of Scappoose or at a prospective employer), you may award the Plaintiff any non-speculative, economic damages caused by the Defendant's wrongful, retaliatory action or actions."

Page 1 – PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ON FOUR ISSUES

**ELLIOTT, OSTRANDER & PRESTON, P.C.**

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

The requested changes, and the reasons for them, are as follows:

1. We changed the words in your original first sentence from "would make the Plaintiff unemployable (either by the City of Scappoose or by a prospective employer)," to "would *render* Plaintiff *unable to maintain his position and salary (either at the City of Scappoose or at a prospective employer)*."  The purpose of this change is to make clear that Plaintiff's legal burden is not to show he is completely unemployable.  He has, in fact, obtained seasonal part time employment working for UPS and other part time work.  His burden is to show damage, namely that, as a result of Defendant's retaliatory actions, he was unable to maintain his position and/or salary (either at Scappoose or elsewhere).  We believe the evidence will prove that Mr. Greisen has been unable to maintain or secure employment as a chief, or in law enforcement generally.  But even if he could secure a job as a night watchman somewhere, he is entitled to recover for any reduction of income caused by Defendant's retaliatory actions.

2. We propose an insertion, into your original second sentence, of the words "or was a foreseeable consequence of" after the words "influenced by."  The reason for this change is to make clear that Plaintiff does not need to prove that the later city manager's decision to terminate Plaintiff was *also* substantially motivated by Defendant's alleged retaliatory actions to claim lost wages as economic damages.  It is enough to show that the loss of his position as chief was a foreseeable consequence of Defendant's wrongful actions.  Going back to the example of the blinded bus driver, used at the pre-trial conference.  If a supervisor's retaliatory actions cause his subordinate bus driver to be blind and "unable to maintain his position and salary," then a second supervisor's "legitimate decision to terminate the Plaintiff's employment" shouldn't insulate the defendant supervisor from foreseeable damages, if the discharge "was a foreseeable consequence of" the damage done.  Continuing the example, we wouldn't want a jury to think, "the lawful termination wasn't influenced by the retaliatory actions of the first supervisor, it was because the bus driver was blind."  If the termination and inability to get work as a chief was a foreseeable consequence of the damage done to Mr. Greisen in the press, by Defendant, then they are recoverable.

3. We switched the order of the sentences because, as rearranged, the instruction now states a general proposition ("the defendant cannot be held responsible for…"), followed by an exception ("unless…") in the first sentence, and then elaborates and explains the exception in the second sentence.  The original order could confuse the jury because it gave the exception first, and then stated the general proposition as if it swallowed the exception.

Page 2 – PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ON FOUR ISSUES

**ELLIOTT, OSTRANDER & PRESTON, P.C.**

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

2. **Plaintiff's request for future economic damages.**

Plaintiff limits his request for future economic damages to a period of seven years. Under Plaintiff's theory of the case, Defendant Hanken's conduct resulted in a foreseeable and unreasonable risk of harm of the kind that the Plaintiff suffered (i.e., prolonged unemployment or under-employment). As already briefed, Plaintiff does not claim that the act of the "no cause" termination was a retaliatory act by Defendant Hanken. Plaintiff also recognizes his on-going duty to mitigate his damages, and that purely speculative damages are not recoverable. Allowing the jury to consider future economic damages for up to seven years may be a longer time period than in most garden variety employment cases, but this case presents unusual facts which are accommodated under federal law.

In *Poppell v. City of San Diego*, 149 F.3d. 951, 954 (9th Cir. 1998), the Court generally described the difference between inferences that may permissibly be drawn from circumstantial evidence and mere speculation:

> "The line between a reasonable inference that may permissibly be drawn by a jury from basic facts in evidence and an impermissible speculation is not drawn by judicial idiosyncrasies. The line is drawn by the laws of logic. If there is an experience of logical probability that an ultimate fact will follow a stated narrative or historical fact, then the jury is given the opportunity to draw a conclusion because there is a reasonable probability that the conclusion flows from the proven facts. As the Supreme Court has stated [in *Galloway v. United States*, 319 U.S. 372, 395, 63 S.Ct. 1077, 87 L.Ed. 1458 (1943)]: "The essential requirement is that mere speculation be not allowed to do duty for probative facts after making due allowance for all reasonably possible inferences favoring the party whose case is attacked."

Here, Plaintiff is prepared to present evidence showing his future economic damages throughout the remainder of his working career (thirteen years). As shown in the following table, the anticipated evidence will support a drawing of logical probability that Plaintiff's continued unemployability in his chosen profession will continue for a period of at least seven years.

Page 3 – PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ON FOUR ISSUES

**ELLIOTT, OSTRANDER & PRESTON, P.C.**

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

| Speculative risk | Evidence in support of Plaintiff |
|---|---|
| Plaintiff may find another job. | Plaintiff has searched for new employment on a nearly daily basis since his termination in the spring of 2014 (*see* Exhibit No. 61).  Plaintiff's search has covered the entire nation (*see* Exhibit No. 68).  Despite nearly 200 applications, and many interviews, he has not received a single offer.  It is reasonably probable that given the sensational press story and "drug-bust" photo (Exhibit No. 51) - which one city official (Mayor Burge) observed while at a National League of Cities Conference,  and thought was "very improper", "inflames", and looks "criminal-like" – that Plaintiff will not be able to secure a position that is "a symbol of public faith" and "public trust", and at its core requires an employee to "keep [his] private life unsullied" (*see* Exhibit No. 1 – Criminal Justice Code of Ethics). |
| Plaintiff may decide not to continue looking for a job in his career field. | In addition to Plaintiff's proof through his job search efforts since termination, Plaintiff will present evidence that his entire working life has been devoted to working in his career field, he will testify as to his extensive and life-long training in the field (*see* Exhibit Nos. 10 and 13). |
| Plaintiff may no longer wish to work. | The evidence will show Plaintiff's history of work.  Ron Greisen will support his testimony based, in part, on U.S. Bureau of Labor Statistics, Bulletin 2254: *Worklife Estimates: Effects of Race and Education*.  Additionally, Plaintiff will offer testimony that he is not in a monetary position where he can afford not to work. |
| The Internet taint of Exhibit No. 51 will dissipate. | After nearly three years, Exhibit No. 51 is accessible through the very first Google entry under Plaintiff's name.  Evidence will be introduced that prospective hirers for persons in Plaintiff's career are careful and thorough in their background searches (*See again* Exhibit No. 1 – Criminal Justice Code of Ethics). |
| Plaintiff may die. | Ron Greisen will support his testimony based, in part, on U.S. Life Tables, 2011.  The risk of Plaintiff's death is remote. |

Page 4 – PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ON FOUR ISSUES

**ELLIOTT, OSTRANDER & PRESTON, P.C.**

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE  (503) 224-7819
email: attorneys@eoplaw.com

...


Plaintiff remains subject to his mitigation duties, and the jury would remain free to evaluate the evidence. But, in this circumstance, the logical probability supports Plaintiff's continued unemployability in his chosen profession for a period of at least seven years.

**3. Exhibits 207 and 208 are inadmissible, and should be excluded.**

Defendant argues that these exhibits show the circumstances of Plaintiff's termination. But, they do not. They show that a City PRC reviewed City Manager Otterman's decision to terminate Plaintiff's Employment Agreement "without cause", and that "the PRC has determined that Ottermans' decision to terminate the Agreement under the 'without cause' provision of paragraph 8 of the Agreement was in compliance with existing policy and law." Plaintiff does not dispute that point. Plaintiff would stipulate that Otterman's decision to terminate "without cause" was legal. Plaintiff would further stipulate that City Manager Otterman did not share Defendant Hanken's retaliatory motives.

The probative value of the exhibits, especially in light of the stipulations offered by Plaintiff, are outweighed by substantial risks of unfair prejudice (it is incomplete in its description of the PRC investigation), confusion of the issues (the jury may think that Plaintiff's claims against Defendant Hanken have already been addressed and resolved), misleading the jury (Exhibit 207 contains discussion of common law and state statutory claims), and as consisting of cumulative evidence (see Exhibit 59 – Otterman's original termination for "no cause"; see offered stipulations).

Exhibit 207 also includes the PRC's account of statements made by the undersigned to the effect that any evidence that Mr. Otterman terminated Greisen because of Greisen's protected activity "would be circumstantial." The evidence that Mr. Otterman shared Mr. Hanken's retaliatory motive was, admittedly, weak. Given Mr. Hanken's desire to shift focus from his

Page 5 – PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ON FOUR ISSUES

**ELLIOTT, OSTRANDER & PRESTON, P.C.**

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

own adverse employment actions to the termination by Otterman, it would be confusing to the jury, and prejudicial to Plaintiff, to introduce the PRC's account of the review hearing (including remarks attributed to Mr. Ostrander) as "evidence" that Plaintiff's termination was once claimed as an adverse employment action against the city, and was determined to be "lawful."

In sum, Exhibit 207 introduces an account of a proceeding on a ruling that is not at issue in this case. Plaintiff stipulates that the termination by Mr. Otterman "without cause" was permitted by Plaintiff's contract. Plaintiff does not seek to prove that Mr. Otterman, or his successor Mr. Lehman, shared Mr. Hanken's wrongful motives. It would be prejudicial to force Plaintiff to spend its limited trial time explaining how this one sided account of a prior proceeding on a claim not made against Mr. Hanken, is not a determination of this matter.

**4. The deposition testimony of Scott Burge designated by Plaintiff is admissible, and should be allowed in lieu of live testimony, to expedite trial presentation.**

Mr. Burge is presently under subpoena by Plaintiff. In light of trial time constraints, Plaintiff would prefer to release him from his subpoena, and rely simply upon Mr. Burge's deposition testimony regarding Plaintiff's reputation and his reaction to Exhibit 51 ("Unauthorized account" news report; "drug-bust" photograph). Defendant objects to the testimony under F.R.E. 401, 403, 602, and 608. Plaintiff maintains that the deposition testimony is relevant to Plaintiff's reputation, his damages and the force and potency of the taint as perceived by a city official (the then interim City Manager). The evidence is not impermissible character evidence. If more foundation is required, Plaintiff would be willing to add additional deposition testimony, such as that included from page 11, line 15 through page 14, line 6 of the

Page 6 – PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ON FOUR ISSUES

ELLIOTT, OSTRANDER & PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

submission. A preliminary ruling on Defendant's evidentiary objections would facilitate trial scheduling and expedite the trial presentation.

DATED this 14th day of July, 2016.

ELLIOTT, OSTRANDER & PRESTON, P. C.


By: /s/ John Ostrander
    John D. Ostrander, OSB #87394, john@eoplaw.com
    William A. Drew, OSB#95253, bill@eoplaw.com
    (503) 224-7112
    (503) 224-7819 fax
      Of Attorneys for Plaintiff

Page 7 – PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ON FOUR ISSUES

**ELLIOTT, OSTRANDER & PRESTON, P.C.**

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE (503) 224-7819
email: attorneys@eoplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I served the attached **PLAINTIFF'S SUPPLEMENTAL TRIAL MEMORANDUM ON FOUR ISSUES: (1) JURY INSTRUCTION NO. 17; (2) FUTURE ECONOMIC DAMAGES; (3) ADMISSIBILITY OF EXHIBITS 207 AND 208; AND (4) DEPOSITION TESTIMONY OF SCOTT BURGE** on:

Karen M Vickers
Mersereau Shannon LLP
1 SW Columbia St Ste 1600
Portland OR  97258
kvickers@mershanlaw.com

[ ]  by mailing to said attorney(s) a full and correct copy therefor, contained in a sealed envelope, with postage paid, addressed to said attorney(s) as stated above and deposited in the United States Post Office at Portland, Oregon.

[ ]  by hand delivering to said attorney(s) a true copy thereof.

[ ]  by faxing to said attorney(s) a true copy thereof.

[X]  by emailing to said attorney(s) a true copy thereof.

[X]  by electronic filing with the Court's CM/ECF system.  The CM/ECF system generated Notice of Electronic Filing constitutes proof of service upon a Filing User in accordance with Fed. R. Civ. P. 5(d).

Dated this 14th day of July, 2016

ELLIOTT, OSTRANDER & PRESTON, P.C.

By:   /s/ John D. Ostrander
John D. Ostrander, OSB #87394, john@eoplaw.com
(503) 224-7112
(503) 224-7819 fax
   Of Attorneys for Plaintiff

Page 8 – PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ON FOUR ISSUES

**ELLIOTT, OSTRANDER & PRESTON, P.C.**

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE (503) 224-7112
FACSIMILE  (503) 224-7819
email: attorneys@eoplaw.com