**John D. Ostrander, OSB No. 87394**, john@eoplaw.com
**William A. Drew, OSB No. 95253**, billd@eoplaw.com
ELLIOTT, OSTRANDER & PRESTON, P.C.
707 SW Washington Street, Suite 1500
Portland, Oregon 97205
Telephone:  (503) 224-7112
Facsimile:  (503) 224-7819

      Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

**DOUG GREISEN**, an individual,

          **PLAINTIFF**,

v.

**JON HANKEN**, an individual,

          **DEFENDANT**.

      Case No. 3:14-cv-01399-SI

**PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS**

## LOCAL RULE 7-1 CERTIFICATION

      Counsel certifies pursuant to LR 7-1 that good faith efforts have been made to resolve the issue presented in this motion with Defendant's counsel, without success.  *See Declaration of Sonia A. Montalbano, ¶ 7 ("Montalbano Decl.").*

## MOTION

      Following a three day jury trial, the jury rendered its verdict in favor of Plaintiff and awarded damages in the amount of $ 4,117,488.00.  [Dkt No. 107]  This Court entered Judgment on July 22, 2016.  [Dkt No. 109]  Pursuant to 42 U.S.C. § 1988 (2012), Plaintiff now makes this timely request for his reasonable attorney fees in the amount of $277,055 and costs in the amount

of $3,885.55.  This motion is supported by the points and authorities below, the Declarations and Bill of Costs filed herewith, and the documents already on file with the Court.

## POINTS AND AUTHORITIES

### I. **Plaintiff is entitled to recover his attorney fees and costs.**

In any action or proceeding to enforce a provision of 42 U.S.C. § 1983, the court may allow the prevailing party reasonable attorney's fees as part of the costs.  The Ninth Circuit Court of Appeals has followed the Supreme Court's reasoning that, absent special circumstances, Plaintiffs in 42 U.S.C. § 1983 actions "should ordinarily recover an attorney's fee unless special circumstances could render such an award unjust."  *Newman v. Piggie Park Enters., Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964 (1968), *as cited in, Bauer v. Sampson*, 261 F.3d 775, 785 (9th Cir. 2001).  Plaintiff obtained a verdict in the amount of $4,117,488.00.  As the prevailing party, Plaintiff's costs are also allowed under Fed. R. Civ. P 54(d)(1) and LR 54-1.

### II. **Plaintiff's attorney fees were reasonable.**

The number of hours for which compensation is sought, and a description of the services provided in this matter by each attorney and paralegal, and the hourly rates for each are detailed in the *Montalbano Decl.* at Ex. 1 & 2.  Exhibits 1 and 2 are the result of contemporaneous time entries or entries created shortly thereafter.  *Ostrander Decl.* ¶ 3; *Drew Decl.* ¶ 4; *Montalbano Decl.* ¶ 3; *Leonard Decl.* ¶ 5; *Fujioka Decl.* ¶ 6; *Wheeler Decl.* ¶ 5.  The total sum of the fees sought is $277,055, summarized as follows:

| Name[1] | Position | Hourly Rate[2] | 1/7 Pre-MSJ Hearing Hrs.[3] | Post-MSJ Order Hrs.[4] | Total Fees |
|---|---|---|---|---|---|
| John D. Ostrander | Attorney | $395.00 | 23.2 | 403.5 | $168,546.50 |
| William A. Drew | Attorney | $395.00 | 0.6 | 239.6 | $ 94,879.00 |
| Sonia Montalbano | Attorney | $300.00 | 0.0 | 22.3 | $   6,690.00 |
| Joel P. Leonard | Attorney | $385.00 | 0.0 | 3.5 | $   1,347.50 |
| Peter D. Stein | Attorney | $200.00 | 1.5 | 0.0 | $      300.00 |
| Suzie R. Fujioka | Paralegal | $100.00 | 1.5 | 45.3 | $   4,680.00 |
| Ann E. Wheeler | Paralegal | $90.00 | 0.2 | 6.6 | $      612.00 |
| **TOTALS** | | | 27.0 | 720.8 | $277,055.00 |

### A. **The Lodestar Method.**

Federal Courts employ the "lodestar" method in calculating the reasonableness of fees. *Fischer v. SJB-P. D. Inc.,* 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation is arrived at by multiplying a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* The court may then decide whether to enhance or reduce the lodestar figure by evaluating several factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A "strong presumption" exists that the lodestar figure represents a "reasonable fee." *Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986).

---

[1] Plaintiff's counsel's time records contain the initials of each of the individuals referenced herein.

[2] This column reflects the current and reasonable hourly rates charged by each time keeper. The United States Supreme Court approves the use of current rates to compensate for all years of services rendered in a particular case: "Clearly, compensation received several years after the services were rendered * * * is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed * * * We agree, therefore, that . . . application of current rather than historic hourly rates * * * is within the contemplation of [42 U.S.C. § 1988]". *Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, 2469 (1989).

[3] The hours in this column reflect 1/7 of the total hours billed through the October 21, 2015 Hearing on Defendant's Motions for Summary Judgment. A detail of the hours billed by each person before October 21, 2015 is attached to the *Montalbano Decl.* as Exhibit 1.

[4] The hours in this column reflect the total hours billed after the Court's December 30, 2015 Order on Defendant's Motions for Summary Judgment. A detail of the hours billed by each person after the December 30th Order is attached to the Montalbano Decl. as Exhibit 2. Plaintiff does not seek compensation for any time billed between October 21 and December 30, 2015.

B. **Plaintiff counsel's hourly rates are reasonable.**

This Court uses the most recent Oregon State Bar Survey ("OSB Survey") as a benchmark in making determinations as to the reasonableness of an attorney's hourly rate. *See, Bell v. Clackamas Cnty.,* 341 F.3d 858, 868 (9th Cir. 2003). The most recent OSB Survey was published in 2012. *Montalbano Decl.,* Ex. 3.

Mr. Ostrander has 25 years of experience and specializes in complex civil litigation, including employment litigation. *Ostrander Dec.,* ¶ 1. Mr. Drew has 21 years of experience and specializes in complex civil litigation. *Drew Decl.* ¶ 3. Ms. Montalbano has 19 years of experience and specializes in employment litigation. *Montalbano Decl.* ¶ 2. Mr. Leonard has been a litigator for over 25 years. *Leonard Decl.* ¶ 3. The rates charged by each of the attorneys involved in this case are at or below the 75th percentile of those charged by attorneys specializing in litigation within the Portland area with the same level of experience. *Montalbano Decl.* Ex. 3.

Paralegal work was billed at rates at $100 and $90 per hour. Although the OSB Survey does not discuss paralegal rates, judges in the District of Oregon have noted that a reasonable hourly rate for a paralegal should not exceed that of a first year associate. *HMM Enters. LLC v. Geppert*, 2013 U.S. Dist. LEXIS 95350, *5, 2013 WL 3461922 (D. Or. July 9, 2013) (finding requested hourly rates of $100 and $90 were reasonable); *Prison Legal News v. Umatilla County*, 2013 U.S. Dist. LEXIS 71104, *17 (D.Or. Feb. 27, 2013), *adopted by,* 2013 U.S. Dist. LEXIS 70193, *1, 2013 WL 2156471 (D.Or. May 16, 2013) (awarding hourly rates of $125, $105, and $90 for paralegals, noting they did not exceed the average rate paid for a first-year associate).

C. **The work performed was reasonable and necessary to obtain the outcome.**

1. **Attorney fees incurred before the case was filed.**

Plaintiff's counsel, John Ostrander, represented Doug Greisen before, during and after Defendant's retaliatory actions. *Ostrander Decl.* ¶ 5. Mr. Ostrander attended city council

hearings, consulted with Greisen following his suspension, and even cautioned the Defendants against § 1983 retaliation prior to Greisen's termination. *Id.* ¶ 5. Mr. Ostrander estimates that most of this time, representing over 90 hours, was useful for purposes of this litigation. *Id.* ¶ 5. But Mr. Ostrander has voluntarily eliminated all but 7.2 hours of his "pre-litigation period" time from this motion for prevailing party fees.

### 2. <u>Attorney fees incurred up to the Order on Defendant's MSJ.</u>

Plaintiff ultimately proceeded to trial on only one of the seven claims he initially filed. The Court suggested that Counsel review its Opinion and Order on the Plaintiff's Motion for Attorney Fees in the matter of *Dunlap v. Liberty Nat. Prods.,* No. 3:12-cv-01635-SI, 2016 U.S. Dist. LEXIS 17488, at *1, 2016 WL 591759 (D. Or. Feb. 12, 2016). Because there was a common core of facts and issues between Plaintiff's § 1983 claim and his claims for wrongful discharge, Oregon statutory retaliation, and defamation/false light claims, Plaintiff could request 4/7 of his fees up to the time of the Order on Defendant's Motion for Summary Judgment. Instead, Plaintiff seeks a fee for only 1/7 of the time entered by his attorneys up to the October 21, 2015 Hearing on Defendant's Motion for Summary Judgment. In other words, of the 189 hours recorded by the attorneys and paralegals on Exhibit 1 (representing the time up to the hearing on Defendants MSJ), Plaintiff seeks to recover fees for only 27 hours. Defendant's counsel has conceded this 85.7% reduction in time spent prior to the October 21, 2015 hearing on Defendant's MSJ is a reasonable approach. *Montalbano Decl.,* ¶ 7. Plaintiff seeks no fees for the time recorded between the October 21, 2015 hearing and the December 20, 2015 Order on Defendant's Motions for Summary Judgment.

### 3. <u>Attorney fees incurred after the Order on Defendant's MSJ.</u>

Plaintiff seeks 100% of its fees for time expended after the December 30th Order on Defendant's Motion for Summary Judgment. That Order narrowed Plaintiff's seven claims to

the one § 1983 claim on which Plaintiff prevailed.  John Ostrander was the lead attorney on the

matter.  He worked mostly alone until Mr. Drew began assisting him, approximately four months

before trial.  The case was challenging, because it required Plaintiff to prove a § 1983 First

Amendment retaliation claim through circumstantial evidence.

   Plaintiff's counsel took five depositions, and introduced the testimony of 16 witnesses

through direct and cross-examinations at trial.  Plaintiff prepared 70 potential trial exhibits, and

14 additional rebuttal exhibits.  Defendant took one deposition, and produced seven witnesses

and 12 potential exhibits for trial.  Plaintiff filed nine Motions *in limine*, and addressed twelve

filed by Defendant.  Between the parties, there were many drafts and modifications to the

proposed jury instructions, including many to instruction no. 17.  Each proposal required

research, thought, and a written response, before the instructions were finalized by the Court on

the last day of trial.  In short, Plaintiff obtained its full prayer for relief on a difficult claim

against a defendant well-represented by two seasoned and respected attorneys.

   **D.  The reasonableness factors favor a full award.**

   Eleven factors have been identified as relevant to the reasonableness of attorney fees.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *Dunlap*, 2016 U.S. Dist.

LEXIS 17488, at *8-9.  The Declarations of counsel address these factors, which include:

   **1. The time and labor required**.  In this case, substantial time and effort was

required to investigate the facts and to prepare witnesses and other evidence for trial.  Given the

time constraints of the three day trial, and the "chess clock" style timing of all direct and cross

examinations, Counsel spent a great amount of time preparing for trial.  *Drew Decl*. ¶¶ 8-13;

*Ostrander Decl*. ¶¶ 10-12.

   **2. The novelty and difficulty of the questions involved**. This case was factually

and legally challenging because it required Plaintiff to prove Defendant's § 1983 retaliatory

motive by circumstantial evidence.  *Ostrander Decl.* ¶ 11.  This required introduction of

background evidence and witnesses, and introduction of evidence as to the series and timing of

events in a way that proved the retaliatory motive toward Mr. Greisen.

       **3.  The skill requisite to perform the legal service properly**.  The case required

legal research, written advocacy, oral argument before the Court, succinct but effective

examinations and cross examinations of key witnesses, professionalism and persuasion of the

jury.  It involved overcoming the defenses raised by skilled counsel, who artfully and zealously

defended their client.  *Ostrander Decl.* ¶ 11; *Drew Decl.* ¶ 13.  Plaintiff's counsel demonstrated

skill in these requisite areas.

       **4.  The preclusion of other employment due to acceptance of the case**.  This

case took up an enormous amount of time in June and July of 2016, to the exclusion of other

matters.  But there was no other choice.  Settlement was unlikely, given Defendant's

unwillingness to offer more than $70,000.  *Drew Decl.* ¶ 10.  And the only way to prevail was to

prepare for all known contingencies at trial, and to be ready to address the unknowns.  In this

case, the early production of pre-trial documents and filings, and the time constraints imposed in

the pre-trial order, meant that the last month before trial was spent preparing witnesses and

witness outlines, timing and practicing examinations and arguments, and reducing the overall

time spent at trial to the 6 hours allowed per side.  In the last few months, the case did preclude

other paying work.  *Ostrander Decl.* ¶ 10; *Drew Decl.* ¶ 11.

       **5.  The customary fee**.  This factor is discussed, *supra*, with regard to the

reasonableness of the firm's hourly rates.  Plaintiff seeks less than the highest customary fees of

his counsel, and rates that are within the rates charged by lawyers in the Portland area for

attorneys with their experience.  *Ostrander Decl.* ¶ 3; *Drew Decl.* ¶ 4; *Leonard Decl.* ¶ 4;

*Montalbano Decl.* ¶ 4 & Ex. 3.

**6.  Time limitations imposed by the client or the circumstances**.  The pre-trial order imposed time limitations on the trial presentation, which required additional preparation of the presentations at trial.  *Drew Decl*. ¶ 12; *Ostrander Decl*. ¶ 11.

**7.  The amount involved and the results obtained**.  The stakes and the results were both large.  This case sought damages for the destruction of Plaintiff's lifelong career in police work and for the Plaintiff's mental anguish and depression caused by Defendant's actions.  Plaintiff's counsel achieved a verdict for $1,117,488 in economic damages, and $3,000,000 in non-economic damages.  Plaintiff obtained a very good result.

**8.  The experience, reputation, and the ability of the attorneys**.  Plaintiff's attorneys have experience in civil litigation ranging from 19-25 years.  *Ostrander Decl*. ¶ 2; *Drew Decl*. ¶ 3; *Leonard Decl*. ¶ 3; *Montalbano Decl*. ¶ 2.

**9.  The "undesirability" of the case**.  This was not an easy case.  And Plaintiff could not afford to fund it on an hourly basis.  *Ostrander Decl*. ¶¶ 8-11.  Plaintiff's attorneys tried several times to settle the case, but Defendant's settlement negotiator drastically undervalued the case, and refused to offer more than "maybe" $70,000, if Plaintiff would accept it.  *Drew Decl*. ¶ 10.  The case required Plaintiff's lawyers to expend great effort on a claim that Defendant's lawyers and insurance adjuster did not value.  In that sense, the case was undesirable, because it didn't garner much respect or attention from Defendant, or Defendant's representatives.

**10.  The nature and length of the professional relationship with the client**.  John Ostrander has represented Plaintiff since 2004, long before this dispute arose.  Despite the brevity of that engagement, Ostrander struck a lasting relationship with Doug Greisen.  When Mr. Greisen was investigated in 2013, suspended, gagged, and then talked about by Defendant in the press, he came to Mr. Ostrander because Ostrander was someone he could trust.  Because of

their relationship, Mr. Ostrander continued to represent Mr. Greisen even after Ostrander knew that Greisen couldn't afford to pay for his services, and even after he knew that the only way to resolve the claims was to take them all the way to trial. *Ostrander Decl.* ¶¶ 4-8.

        **11.** <u>**Awards in similar cases**</u>.   We have not researched verdicts in similar cases.

        **E.** <u>**Other factors that may be considered by the Court.**</u>

        This Court may consider other factors outside of those subsumed in the lodestar method. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010).  For example, the Court may consider efforts to settle a case when determining the reasonableness of a fee request. *Ingram v. Oroudjian*, 647 F3d 925, 927 (9th Cir. 2011). Defendant had multiple opportunities to resolve this case for far less than was awarded by the jury.  But Defendant refused to engage in any form of alternative dispute resolution. *Ostrander Decl.,* ¶¶ 7 and 9; *Drew Decl*. ¶ 10. In November, 2014, Defendants offered judgment in the amount of $50,000 plus reasonable fees. *Id*. ¶ 10.  In May, 2015, Plaintiff's counsel offered to settle the matter for $300,000.  Defendant refused. *Ostrander Decl*. ¶ 9.   In late June, 2016, Defendant indicated that he might settle for $70,000 (without additional fees). *Drew Decl.,* ¶ 10. But by that time, after surviving summary judgment, Plaintiff's demand was $750,000. *Id.* Defendant would not budge. *Id*.  With no prospect of a reasonable settlement offer, Plaintiff's counsel put everything into winning at trial, to the exclusion of other matters. *Ostrander Decl*. ¶ 10; *Drew Decl*. ¶ 11.  Had Defendant engaged in reasonable efforts to settle this matter at the first (or any) opportunity, Plaintiff's fees would have been far less.  Plaintiff has now waited over three years for the verdict that was rendered at trial.  And Plaintiff may wait even longer for payment of the judgment, as Defendant's counsel already has stated that Defendant will appeal the judgment, including the fees sought by Plaintiff's counsel. *Montalbano Decl*. ¶ 7.

Finally, the Court should consider the purposes served by awarding the Plaintiff the fees sought by his counsel.  "Private enforcement of civil rights legislation relies on the availability of fee awards: 'if private citizens are able to assert their civil rights, and if those who violate the Nation['s] fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.'"  *Moreno*, 534 F.3d at 1111 (quoting S. Rep. No. 94-1011, at 2 (1976), as reprinted in 1976 U.S.C.C.A.N. 5908, 5910).  42 U.S.C. § 1988 was enacted to "attract competent counsel to represent citizens deprived of their civil rights and to encourage compliance with and enforcement of the civil rights laws." *Bernhardt v. L.A. Cty.*, 339 F.3d 920, 930 (9th Cir. 2003) (internal quotes and citations omitted).  Awarding Plaintiff the fees sought here will further the purposes of the statute, by encouraging other attorneys to take a chance on what might otherwise appear to be cases with overwhelming odds.

**III. Plaintiff is entitled to the reasonable costs contained in the Bill of Costs filed herewith.**

Plaintiff seeks $3,885.55 in costs as stated in Plaintiff's Bill of Costs filed herewith.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that it be awarded $277,055 in attorney fees and $3,885.55 in costs, as set forth herein.

DATED this 4th day of August, 2016.

ELLIOTT, OSTRANDER & PRESTON, P. C.

By:____/s/ William A. Drew_____
William A. Drew, OSB No. 95253, billd@eoplaw.com
Sonia A. Montalbano, OSB No. 970821, sonia@eoplaw.com
(503) 224-7112
(503) 224-7819 fax
　　　Of Attorneys for Plaintiff

## LR 54-3(e) CERTIFICATE OF COMPLIANCE

I hereby certify that Plaintiff's Motion for an Award of Attorney Fees and Costs does not

exceed 10 pages.

## CERTIFICATE OF SERVICE

I hereby certify that I served the attached **PLAINTIFF'S MOTION FOR AN AWARD**

**OF ATTORNEY FEES AND COSTS** on:

Karen M Vickers
Mersereau Shannon LLP
1 SW Columbia St Ste 1600
Portland OR  97258
kvickers@mershanlaw.com

[  ]   by mailing to said attorney(s) a full and correct copy therefor, contained in a sealed envelope, with postage paid, addressed to said attorney(s) as stated above and deposited in the United States Post Office at Portland, Oregon.

[X]   by hand delivering to said attorney(s) a true copy thereof.

[  ]   by faxing to said attorney(s) a true copy thereof.

[  ]   by emailing to said attorney(s) a true copy thereof.

[X]   by electronic filing with the Court's CM/ECF system.  The CM/ECF system generated Notice of Electronic Filing constitutes proof of service upon a Filing User in accordance with Fed. R. Civ. P. 5(d).

Dated this 4th day of August, 2016

ELLIOTT, OSTRANDER & PRESTON, P.C.

By:    /s/ William A. Drew
         William A. Drew, OSB No. 95253, billd@eoplaw.com
         (503) 224-7112
         (503) 224-7819 fax
            Of Attorneys for Plaintiff